## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Federal National Mortgage Association, | Civil No. 13-1522 (DWF/AJB) |
| Plaintiff, | |
| v. | **ORDER** |
| Philip U. Torborg, Tammy J. Codden, John Doe, and Mary Roe, | |
| Defendants. | |

This matter is before the Court upon Defendant Philip U. Torborg's ("Defendant") objection (Doc. No. 14) to Chief Magistrate Judge Arthur J. Boylan's September 3, 2013 Order on Motion to Remand ("September 3, 2013 Order") (Doc. No. 12). Plaintiff Federal National Mortgage Association ("Plaintiff") filed a response to Defendant's objection on September 16, 2013. (Doc. No. 16.)

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The

Court finds that Chief Magistrate Judge Boylan's Order is neither clearly erroneous nor contrary to law.

Defendant argues that the Magistrate Judge improperly declined to exercise jurisdiction over this matter and thus inappropriately remanded the case to state court. Plaintiff counters that Defendant's removal of this eviction action was an attempt to circumvent Minnesota statutory procedure and to litigate anew issues already under consideration in a separate quiet title action.  (Doc. No. 16 at 1.)  The Court concludes that, even assuming appropriate removal of this lawsuit to federal court and the existence of federal court jurisdiction, Defendant has failed to demonstrate that the Order, which concludes that this Court should abstain from hearing the matter, is either clearly erroneous or contrary to law.  *See, e.g., MCC Mortg. LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939, 947 (D. Minn. 2010) (noting that "courts often abstain from hearing eviction matters to avoid completely emasculating the state structure for dealing with such disputes") (internal quotations omitted).

Therefore, the Court overrules Defendant's objection and affirms Chief Magistrate Judge Arthur J. Boylan's September 3, 2013 Order in all respects.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

1.	Defendant Philip U. Torborg's objection (Doc. No. [14]) to Chief Magistrate Judge Arthur J. Boylan's September 3, 2013 Order is **OVERRULED**.

      2.      Chief Magistrate Judge Arthur J. Boylan's September 3, 2013 Order (Doc. No. [12]) is **AFFIRMED**.

Dated:  October 9, 2013        s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge